Judge Owsley
delivered the judgment of the court.
This suit was brought by the appellee in the court below to recover from the appellants the amount of two obligations, executed by their ancestor to a certain Nicholas Hoover, and by him assigned to the appellee.
Several points are made by the assignment of errors; but the first which we deem material to notice, involves an ed-quiry into the decision of the court below, in rejecting the written documents introduced by the appellants as evidence in that coajrt.
In an action ance¿. tor, thejudg-own ⅛⅛
Haggin and Bibb for appellants, McKinley and fVick-UJJe for appellee.
T%e competency of those documents, as evidence,.should Be considered, not only in relation jto the issue joined by the parties, but under their agreement entered of record in the court below, they must be considered in relation to any issue which might have been regularly joined upon any admissible plea.
Thus considering them, we are, however, unable to perceive any possible bearing which they could have upon the pight of the appellee.
The bonds upon which suit was brought having been given in 1784 and 1786, it was not only proper tor the appellants, under the plea of payment, to rely on the length of time as furnishing presumptive evidence of payment by their ancestor, but it was competent for them, by proving othe circumstances, to fortify and strengthen that presumptio: The rejected documents, however, as they have no relatior! to any transaction between the appellants’ ancestor and tin ebligee, Hoover, afford no circumstance calculated, in th slightest degree, to fortify or strengthen the presumption o payment. And although one of those documents is an obligation given by the obligee to one of the appellants, that ebligation. from the naturejpf the appelleecs demand, would trot be availing under a plea of set-off, and as those documents form no pretence for a defence under any other plea, the court below properly rejected them.
But it is contended that the judgment rendered against the heirs is not warranted by the finding of the jury.
There is no doubt but that the judgment, according to the law as it stood before the passage of the act of January, 1810, (session acts, 1810, 131,) was properlr entered gainst the heirs as for a debt of their own contracting; apd the provisions of that act, we are of opinion, should not be construed so as to affect the mode of entering the judgment.
The judgment mnst be affirmed with cost and damages.